UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER NUNEZ,

                Plaintiff,

-against-

COMMISSION OF SOCIAL SECURITY

                Defendant.

25-CV-5355 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this *pro se* action seeking review of the Commissioner of Social Security's decision denying his application for disability benefits under the Social Security Act, 42 U.S.C. §§ 405(g) and/or 1383(c)(3). For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

    An action filed pursuant to 42 U.S.C. §§ 405(g) and/or 1383(c)(3) may be brought only in "the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g); *see* § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under [§ 1383(c)(1)] shall be subject to judicial review as provided in section 405(g).").

    Plaintiff alleges that he resides in Brooklyn, Kings County, New York. Because Plaintiff's residence is not in this district, and Plaintiff makes no allegation about a principal place of business, venue is not proper in this Court under §§ 405(g) or 1383(c)(3). Kings County falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue for these claims lies in the Eastern District of New York, *see* 42 U.S.C. §§ 405(g) and 1383(c)(3).

To the extent Plaintiff is also asserting constitutional claims or seeking a writ of mandamus, such claims are governed by the general venue statute, 28 U.S.C. § 1391. Under Section 1391(e)(1), a civil action brought against a federal agency or a federal official acting in his or her official capacity must be brought in:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Because Plaintiff resides in the Eastern District of New York and no real property is involved in this action, the Eastern District of New York is also a proper venue for Plaintiff to bring constitutional claims or to seek a writ of mandamus. *See* § 1391(e)(1)(C).

For these reasons, the Court transfers this action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1406(a).

## LITIGATION HISTORY AND WARNING

Plaintiff is currently barred under 28 U.S.C. § 1651 from filing any new civil action IFP arising from (1) his eviction from a Manhattan apartment in 2018, and the related proceedings before the Civil Court of the City of New York, Housing Park; (2) the failure of a New York City Human Resources Administration caseworker to provide Plaintiff's father with "services"; and (3) the failure of members of the New York City Police Department to investigate his claims of fraud and identify theft, without first obtaining permission from the court. *See Nunez v. Silber*, No. 23-CV-0625 (LTS) (S.D.N.Y. Oct. 31, 2023), *appeal dismissed*, No. 22-7763 (2d Cir. Mar.

20, 2024) (dismissing appeal because it "lack[ed] an arguable basis either in law or in fact" (citation omitted)). Since the bar order was issued, Plaintiff has filed at least seven actions that have been dismissed for his failure to comply with the Court's order. *See Nunez v. Barker*, No. 25-CV-2619 (LTS) (S.D.N.Y. Apr. 1, 2025); *Nunez v. Guzman*, No. 25-CV-0975 (S.D.N.Y. Feb. 5, 2025) (listing cases).

While the subject matter of this action does not fall under the categories of cases described in the bar order, this is the fourth action filed by Plaintiff in this court in which he challenges denial of Social Security benefits and that the court has transferred to his district of residence. *See Nunez v. Comm'r of Soc. Sec.*, No. 25-CV-2768 (LTS) (S.D.N.Y. Apr. 3, 2025) (transferring Plaintiff's challenge to denial of Social Security benefits to the Eastern District of New York because Plaintiff resides in Brooklyn); *Nunez v. Comm'r of Soc. Sec.*, No. 24-CV-1405 (LTS) (S.D.N.Y. Feb. 26, 2024) (transferring Plaintiff's Social Security action to the Middle District of Pennsylvania because, at the time, Plaintiff resided in that district); *Nunez v. Comm'r of Soc. Sec.*, No. 23-CV-1548 (JGLC) (RWL) (S.D.N.Y. Aug. 21, 2023) (same).

The Court warns Plaintiff that if he continues to file Social Security actions for which venue is not proper in this court, or other duplicative, frivolous, or meritless litigation, the Court will direct him to show cause why he should not be barred from filing any action IFP in this court without first obtaining permission from the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. A summons shall

not issue from this court. This order closes this case in this court. The Clerk of Court is directed to terminate all pending motions.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 22, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge